**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSE**
**CHATTANOOGA DIVISION**

_____

**JASON SHAUN HILL** and,
**JOSHUA GORDON**, Individually,
and on behalf of themselves and on
behalf of all other similarly situated
current and former employees,

                Plaintiffs,                No._____

v.

**CARTER DISTRIBUTING COMPANY, INC.,**      FLSA Opt-In Collective Action
a Tennessee Corporation,
**PREMIUM BRANDS, INC.,**
a Tennessee Corporation,
**BOB MONROE, MIKE DENTON** and,
**BLAIR CARTER**, Individually,               JURY DEMANDED

                Defendants.
_____

## COLLECTIVE ACTION COMPLAINT
_____

Plaintiffs Jason Hill and Joshua Gordon, individually, and on behalf of themselves and all

others similarly situated as a collective action class, hereby file their Collective Action

Complaint against Defendants, Carter Distributing Company, Inc., Premium Brands, Inc., Bob

Monroe, Mike Denton and Blair Carter, individually and, allege as follows:

## I. INTRODUCTION

1.      Plaintiffs Jason Hill and Joshua Gordon ("Plaintiffs") were non-management/non-exempt

      employees of Carter Distributing Company, Inc. ("Carter") during times relevant to this

      Collective Action Complaint.

2.      This lawsuit is brought against Carter Distributing Company, Inc., Premium Brands, Inc.,

      Bob Monroe, Mike Denton and Blair Carter, (collectively "Defendants") as a collective

1

action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously were employed as non-management/ non-exempt employees by Defendants.

3.     Based on the information preliminarily available, and subject to discovery in this cause, Carter did not compensate Plaintiffs and those similarly situated for all overtime hours worked in excess of forty (40) per week within weekly pay periods during times relevant to this action.

## II.  JURISDICTION AND VENUE

4.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed job duties as employees of Carter in this District, Carter's  principal address and corporate headquarters are located in this District, Carter regularly conducted business in this District, its wage and hour plans, policies and practices were established and have been administered in this District and it has violated the FLSA from its corporate headquarters located in this District, during times relevant to this Collective Action Complaint. Defendants Blair Carter, as President, Bob Monroe, as Vice President, and Mike Denton, as Director of Human Resources during all times relevant to this Collective Action Complaint, have been responsible for establishing and administering Carter's  common payroll and compensation plans, policies and practices in this District. Moreover, the events, actions, inactions, commissions and omissions forming the basis of

2

this action occurred in this District during relevant times herein.

## III. CLASS DESCRIPTION

6.    Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former non-management/non-exempt employees (including but not limited to warehouse personnel, sales support and delivery drivers) employed by Carter Distributing Company, Inc. who performed job duties on its behalf at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  (Collectively, "the class").

## IV. PARTIES

7.    Defendant Carter Distributing Company, Inc. is a Tennessee Corporation with its principal office and address located at 1305 Broad Street, Chattanooga, Tennessee 37402-4408.  Carter is a craft wines and beer distributor as well as the MillerCoors distributor for Southeast Tennessee. Carter operated warehouses in Chattanooga and Cleveland, Tennessee during the statutory period. According to the Tennessee Secretary of State, Defendant Premium Brands, Inc. merged with Carter Distributing Company, Inc. in May 2015. Prior to the merger Premium Brands, Inc. was a subsidiary of Carter and distributed craft wines and beers. On October 20, 2017 Carter was sold to Cherokee Distributing of Knoxville. Carter and Premium Brands, Inc. may be served through their

3

registered agent for service of process: T. Maxfield Bahner, 605 Chestnut Street (Suite 1700), Chattanooga, Tennessee 37450-0019.

8.     Defendant Blair Carter has been the President of Carter Distributing Company, Inc. and Premium Brands, Inc. at all times relevant to this action. Mr. Carter may be served for process at 1305 Broad Street, Chattanooga, Tennessee 37402-4408.

9.     Defendant Bob Monroe has been the Vice President of Carter Distributing Company, Inc. and Premium Brands, Inc. at all times relevant to this action. Mr. Monroe may be served for process at 1305 Broad Street, Chattanooga, Tennessee 37402-4408.

10.     Defendant Mike Denton has been the Director of Human Resources of Carter Distributing Company, Inc. and Premium Brands, Inc. at all times relevant to this action. Mr. Denton may be served for process at 1305 Broad Street, Chattanooga, Tennessee 37402-4408.

11.     Plaintiff Jason Hill is an adult citizen of the United States and was a non-management/non-exempt employee of Carter Distributing Company, Inc. during times relevant to this action. (Plaintiff Hill's "Consent to Join" this lawsuit is attached as Exhibit A).

12.     Plaintiff Joshua Gordon is an adult citizen of the United States and was a non-management/non-exempt employee of Carter Distributing Company, Inc. during times relevant to this action. (Plaintiff Gordon's "Consent to Join" this lawsuit is attached as Exhibit B).

13.     Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating an alcoholic beverage distributorship)   performed (either through unified operation or common control) by any person or persons [are] for a

4

common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

## V. <u>ALLEGATIONS</u>

14.  Carter Distributing Company, Inc. is in the business of warehousing and delivering beer and wine products to local markets and special events in the Chattanooga, Tennessee area.

15.  Defendants are and/or have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during times relevant to this action.

16.  Plaintiffs and those similarly situated are and/or have been non-management/non-exempt employees of Defendants during times relevant to this action.

17.  Plaintiffs were paid a fixed amount per week of approximately $650 but were required to work twelve (12) to fourteen (14) hours per day, five (5) days per week.

18.  Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime compensation rates of pay, during all times relevant to this action.

19.  Blair Carter, Bob Monroe and Mike Denton in their capacities as officers and directors of Carter Distributing Company, Inc., and Premium Brands, Inc. were responsible for implementing and administering their pay policies and practices during all times relevant to this lawsuit.

20.  At all times relevant to this action, Plaintiffs and those similarly situated are and/or have been "employees" of Defendants, as defined by Section 203(e)(l ) of the FLSA and, were employed by Defendants within the territory of the United States of America within three (3) years preceding the filing of this lawsuit.

5

21.   Carter Distributing Company, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00, at all times relevant to this action.

22.   Defendants have been subject to the pay requirements of the FLSA within weekly pay periods during the relevant statutory limitations' period herein.

23.   Defendants have had a centralized common plan, policy and practice of failing to pay Plaintiffs and those similarly situated for all hours worked in excess of forty (40) per week within weekly pay periods during the relevant statutory limitations' period at the rate of one and one-half times their regular hourly rate of pay, as required by the FLSA.

24.   Plaintiffs and those similarly situated are non-exempt employees (from overtime compensation) under the FLSA and, therefore, entitled to compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times relevant to this action.

25.   Plaintiffs and those similarly situated have performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during times relevant herein, without being compensated for such overtime hours at one and one-half times their regular hourly rate of pay for all such overtime hours.

26.   Defendants have not paid Plaintiffs and those similarly situated at one and one-half times their hourly rate of pay for all hours they have worked in excess of forty (40) hours per week within weekly pay period s during times relevant to this action, as required by the FLSA.

27.   Defendants have failed to record Plaintiffs and other class members' work hours, including hours worked in excess of forty (40) per week, as required by the FLSA and,

6

thereby have violated the recordkeeping requirements of the FLSA.

28. Defendants are unable to bear their burden of demonstrating that Plaintiffs and other class members fall within any of the FLSA overtime exemptions.

29. The net effect of Defendants' plan, policy and practice of failing to record and pay Plaintiffs and other class members overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods during all relevant times, was a scheme to save payroll costs and payroll taxes for which they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiffs and other class members.

30. Defendants Carter Distributing, Inc., Premium Brands, Inc., and Blair Carter were sued for identical FLSA violations by three (3) former employees in February of 2017. Upon information and belief, sometime after the February suit was filed Carter Distributing, Inc., began paying overtime compensation to at least some putative class members.

31. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other class members, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records of its non-exempt employees, such employees may establish the hours they worked, including overtime hours, solely by their testimony and the burden of proof of overcoming any such testimony shifts to the employer.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS</u>

32. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

33. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

7

34. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

35. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, they believe there are more than 100 individuals in the putative class.

36. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants and were subject to the same operational, compensation and pay plans, policies and practices, including the failure of Defendants to pay Plaintiffs and others similarly situated employees overtime compensation under the FLSA for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

37. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were exempt from the FLSA overtime requirements during times relevant to this action;

- Whether Defendants required Plaintiffs and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the statutory limitations' period, without compensating them at one and one-half times their regular hourly rate of pay for all such overtime hours.

- The correct statutes of limitations' period for Plaintiffs' claims and the claims of the other members of the class;

8

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' fees, interest, expert fees, expenses and costs.

38. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

40. Plaintiffs and other members of the class have suffered and will continue to suffer Irreparable damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendants.

## COUNT I

## VIOLATION OF THE FLSA IN CONNECTION WITH OVERTIME COMPENSATION

41. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

42. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9

Plaintiffs and class members also have engaged in interstate commerce during all relevant times to this Collective Action Complaint.

43.   Defendants employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA during times relevant to this cause.

44.   Defendants have had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week during times relevant to this lawsuit.

45.   Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week, during all times relevant to this action.

46.   During times relevant to this action, Defendants did not have a good faith basis for their failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

47.   As a result of Defendants' willful failure to pay Plaintiffs and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.* and, are liable to Plaintiffs and the class for all such unpaid overtime compensation due them.

48.   Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49.   Due to Defendant's willful FLSA violations and, and their lack of good faith, in its failure

10

to pay Plaintiffs and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

## ADDITIONAL CAUSES OF ACTION

48. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

49. In addition to the causes of action under the FLSA, Plaintiffs, on behalf of themselves and others similarly situated bring the following additional causes of action against the Defendants:

A. Quantum Meruit;

B. Unjust Enrichment;

C. Breach of Contract.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, individually, and on behalf of themselves and all other similarly situated members of the class, demand judgment, jointly and severally, against Defendants, Carter Distributing Company, Inc., Premium Brands, Inc., Bob Monroe, Mike Denton, and Blair Carter, individually, as well as to request this Court to grant the following relief against said Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly

11

issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendants have willfully violated the FLSA; and

I. Such other general and specific relief as this Court deems just and proper.

<u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 11, 2017

Respectfully Submitted,

_s/Gordon E. Jackson_
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR # 12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
_gjackson@jsyc.com_
_jholt@jsyc.com_
_rbryant@jsyc.com_
_pjackson @jsyc.com_

_Attorneys for Named Plaintiffs, on behalf of
themselves and all other similarly situated current
and former employees_

13